UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-135-DLB

DaSHAWN Q. LEWIS[1]　　　　　　　　　　　　　　　　　　　　　　　　　PETITIONER

v.　　　　　　　　**MEMORANDUM OPINION AND ORDER**

SANDRA BUTLER, Warden　　　　　　　　　　　　　　　　　　　　　　　RESPONDENT

\*\*\*\*　\*\*\*\*　\*\*\*\*　\*\*\*\*

Petitioner DaShawn Q. Lewis, a/k/a DaShawn Quantrav Lewis, a/k/a/ DaShawn Quantravious Lewis, is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Manchester, Kentucky. Lewis has filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in which he collaterally challenges his 186-month prison sentence. (Doc. # 1). Lewis has paid the $5.00 filing fee. (Doc. # 4).

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Lewis is not represented by an attorney, the Court evaluates his petition under a more lenient standard, and at this stage, accepts

---

[1] In his Florida criminal proceeding, Lewis was also identified as "Dashawn Quantravious Lewis." *See United States v. DaShawn Quantravious Lewis*, No. 1:08-CR-42-MP-GRJ (N.D. Fla., 2008). Accordingly, the Clerk of the Court will also be instructed to list, on the CM/ECF cover sheet, "DaShawn Quantravious Lewis" as an alias designation for Petitioner Lewis.

Lewis's factual allegations as true and liberally construes his legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). But as explained below, Lewis is not entitled to the relief which he seeks. Therefore, his § 2241 habeas petition must be **denied**.

## LEWIS'S CONVICTION, SENTENCE, AND APPEAL

On January 9, 2009, a federal jury in Florida convicted Lewis of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (2). *United States v. DaShawn Quantravious Lewis*, No. 1:08-CR-42-MP-GRJ-2, Doc. # 65 (N.D. Fla. 2008). On April 2, 2009, the district court sentenced Lewis to a 210-month term of imprisonment. *Id.* at Doc. # 79. According to Lewis, the district court determined that based on his prior felony convictions in the Florida state courts – for Aggravated Assault with Intent to Commit a Felony (July 2011) and Robbery without a Firearm (July 2002) – he qualified as a career offender under the prior version of United States Sentencing Guideline ("USSG") § 4B1.1(a), which was in effect when he was originally sentenced in April 2009. (Doc. # 1 at 6).

Lewis appealed, but his counsel filed a Motion pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), asking to withdraw from further representation of Lewis on the ground that the appeal lacked merit. On January 13, 2010, the Eleventh Circuit Court of Appeals granted Lewis's counsel's Motion to Withdraw and affirmed Lewis's conviction and sentence, finding counsel's assessment of the merit of the appeal was correct, and that no arguable issues of merit existed. *United States v.*

2

*DaShawn Quantravious Lewis*, No. 1:08-CR-42-MP-GRJ-2, Doc. # 98; *United States v. DaShawn Quantravious Lewis*, No. 09-11710 (11th Cir. Dec. 7, 2009). On April 5, 2012, the district court reduced Lewis's prison sentence to 186 months. *DaShawn Quantravious Lewis*, No. 1:08-CR-42-MP-GRJ-2, Doc. # 102.

Neither the docket sheet from Lewis's criminal proceeding nor the federal judiciary's on-line database (Public Access to Court Electronic Records ("PACER")) reflect that Lewis filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 in the sentencing court. Further, PACER does not reflect that Lewis has filed a prior Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 (challenging his 186-month sentence) in any other district court.

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Lewis challenges the validity of his 186-month sentence based upon *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Therefore, the Supreme Court held that imposing an increased sentence under that clause violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

In April 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016); *see also In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Lewis contends that based on the retroactive effect of *Johnson*, his 186-month sentence is unconstitutional and

3

should be vacated, and that he should be re-sentenced without the USSG career offender enhancement. (Doc. # 1 at 15).

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to 28 U.S.C. § 2241, provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may challenge the legality of his conviction through a § 2241 petition only if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a

4

prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *see also Charles*, 180 F.3d at 756. Lewis attempts to collaterally attack his conviction and sentence on Fifth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

Here, Lewis states in his § 2241 petition that he was sentenced as a career offender under USSG §§ 4B1.1(a); 4B1.2(a)(1). Lewis does **not** allege that he was sentenced under the ACCA, which was the specific statutory scheme addressed in *Johnson*. On May 13, 2016, the Sixth Circuit determined that the similarly-worded "residual clause" of the former version of USSG § 4B.1.2(a), which stated that "crime of violence" included "conduct that presents a serious potential risk of physical injury to another," was also unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). But *Pawlak* was decided in a direct appeal, not in a case on collateral review, and while the United State Supreme Court has made its holding in *Johnson* retroactive to cases on collateral review, it has not done so with respect to USSG cases on collateral review. *See Welch*, 136 S. Ct. 1257.

Arguably, 28 U.S.C. § 2255 could have provided an available mechanism for Lewis to assert his *Johnson* and *Welch* claim in the sentencing court. The key phrase here is "could have," as 28 U.S.C. § 255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255, running from the later of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

The Sixth Circuit's decision in *In re Watkins* makes clear that claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – assertion of a newly recognized right made retroactively applicable on collateral review – and thus, trigger a renewed one-year statute of limitations running from the date on which *Johnson* was decided: **June 26, 2015**. *In re Watkins*, 810 F.3d at 383 (finding that *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). But, because Johnson was decided on June 26, 2015, Lewis was required to have asserted any *Johnson*-based claim challenging his enhanced sentence in the sentencing court, through the mechanism of a § 2255 motion, on or before **June 26, 2016**. That deadline has passed. Accordingly, any *Johnson*-based claim which Lewis might have brought under § 2255 is now be foreclosed under the one-year time limitation set forth in 28 U.S.C. § 2255(f). *See Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005) (explaining that the one-year limitation period for filing a 28 U.S.C. § 2255 motion to vacate, based on right that was newly recognized by the Supreme Court, ran from the date on which the Supreme Court initially recognized

the right asserted, *not* from the date on which the right asserted was made retroactively applicable).

Again, a federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d at 306-07; *Charles*, 180 F.3d at 756. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is "inadequate or ineffective." *Charles*, 180 F.3d at 756.

Lewis has not carried that burden here, because his remedy under 28 U.S.C. § 2255, was not "inadequate or ineffective" to test the legality of his detention. Instead, Lewis simply failed to assert his *Johnson* claim in the sentencing court on or before the June 26, 2016 deadline. Because Lewis's remedy under § 2255 was not "inadequate or ineffective" to test the legality of his detention, his § 2241 petition must be denied. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

Further, Lewis was sentenced in a Florida district court which falls under the jurisdiction of the Eleventh Circuit Court of Appeals, and in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. Sept. 29, 2015), the Eleventh Circuit held that *Johnson* does not control cases in which a defendant is classified as a career offender under the USSG.[2] In *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), an advisory

---

[2] On June 27, 2016, the Supreme Court granted *certiorari* in *Beckles* on the following issues: (1) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of

Guidelines case, the Eleventh Circuit held that the holding in *Johnson* does not apply to the career-offender guideline, and that the guideline is not unconstitutionally vague. In *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016), the Eleventh Circuit held that its reasoning in *Matchett* applied with equal force to the residual clause of the career-offender guideline in the context of the mandatory Guidelines. *See also In re Sapp*, ---F.3d. ---, 2016 WL 2648334, at*2 (11th Cir. Jul. 7, 2016) (finding that under *Griffin*, Sapp had not satisfied the statutory criteria for filing a second or successive § 2255 motion based on his *Johnson* and *Welch* sentencing challenge.")[3] For these reasons, collateral relief under 28 U.S.C. § 2241 is foreclosed.

Alternatively, a prisoner proceeding under § 2241 can implicate the "savings clause" of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). But a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a

---

violence"); (2) whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. *Beckles*, 136 S.Ct. 2510 (Case No. 15-8544).

[3] In *Sapp*, the Eleventh Circuit explained:

> The Supreme Court has recently granted certiorari in *Beckles v. United* States… which raises the question of whether *Johnson* applies to the Guidelines. While we respectfully disagree with the holding of *Griffin*, we are nonetheless bound by that decision.
> ….
> First, even though the Supreme Court has held in *Welch* that *Johnson* applies retroactively to cases on collateral review, our binding precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines. *See Griffin*, --- F.3d at ---, 2016 WL 3002293, at *5. Furthermore, Mr. Sapp cannot make a prima facie showing that *Johnson* applies to him in light of our holding in *Griffin* that the mandatory Sentencing Guidelines cannot be unconstitutionally vague. *Id.* at *4.

*In re Sapp*, 2016 WL 2648334, at *2.

Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Although *Johnson* applies retroactively, as discussed above, such relief must have been sought on or before June 26, 2016. This Court finds no information suggesting that Lewis filed a § 2255 motion (challenging his 186-month sentence under *Johnson*) in the Florida sentencing court on or before June 26, 2016.

Finally, and more fundamentally, it does not appear that Lewis's sentence was enhanced under the "residual clause" of the former version of USSG § 4B1.2(a)(2), which was in effect in April 2009. Rather, the enhancement of Lewis's sentence appears to have stemmed from the "use of physical force" provision found in both the prior and current versions of USSG § 4B1.2(a)(1). In April 2009, when Lewis was originally sentenced, the USSG defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-
>
> (1)  **has as an element the use, attempted use, or threatened use of physical force against the person of another**, or
>
> (2)  is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1) (emphasis added) (effective Nov. 1, 2007).[4]

---

[4] The current version of USSG § 4B1.2(a), amended on July 13, 2016, and effective on August 1, 2016, provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

Lewis alleges that the prior state court convictions which the Florida sentencing court used to enhance Lewis's sentence for bank robbery were for "Aggravated Assault with Intent to Commit a Felony" and "Robbery without a Firearm." Both of these convictions logically would have qualified as violent crimes implicating the "use of force" provision of USSG § 4B1.1(a)(1), which was in effect in April 2009, and which is currently in effect as of August 1, 2016. Based on the information which Lewis provided in his § 2241 petition, his sentence does not appear to have been enhanced under the prior version of the "residual clause" of USSG § 4B1.2(a)(1) in April 2009, when he was originally sentenced, or in April 2012, when he was re-sentenced to a 186-month prison term.

In the context of his instant habeas petition filed under 28 U.S.C. § 2241, Lewis has not alleged grounds entitling him to relief because he has not demonstrated that his remedy under § 2255 was "inadequate or ineffective;" because the ACCA residual clause at issue in *Johnson* was not used to enhance his sentence; and because the sentencing court did not invoke the prior version of the "residual clause" in U.S.S.G. § 4B1.2(a) when Lewis was sentenced. Therefore, Lewis is not entitled to relief under § 2241, his habeas petition will be **denied**, and this proceeding will be **dismissed**.

---

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

Even under the current version of USSG § 4B1.2(a)(2), Lewis's prior state convictions qualify as predicate offenses for sentence enhancement purposes, because both robbery and aggravated assault are "crime of violence" offenses specifically enumerated in USSG § 4B1.2(a)(2).

**CONCLUSION**

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall, on the CM/ECF cover sheet, list "DaShawn Quantravious Lewis" as an alias designation for Petitioner Dashawn Q. Lewis;

2. Lewis's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (Doc. # 1) is **DENIED**;

3. The Court will enter a Judgment contemporaneously herewith; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 14th day of September, 2016.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Lewis, D. 16-135-DLB Dism 2241 CKS.doc